a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JARVIS BROWN, Plaintiff | CIVIL DOCKET NO. 1:19-CV-847-P |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 and Amended Complaints (Docs. 1, 10, 11) filed by *pro se* Plaintiff Jarvis Brown ("Brown") (#710737). Brown is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Brown alleges that he was subjected to excessive force and retaliation and was denied medical care while incarcerated at the Raymond Laborde Correctional Center ("RLCC").

Because Brown fails to state a claim against Secretary James LeBlanc, his claims against Defendant LeBlanc should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Brown alleges that Major Jamie Veade, Lt. R. Hagar, and Lt. Col. Stephen Bordelon removed Brown from his cell, brought him into a closet, and beat him for approximately 20 minutes while Brown was fully restrained. (Doc. 1, p. 4; doc. 10, p.

5). Brown alleges he suffered a busted lip, chipped tooth, and swelling, as well as extreme pain in his face, arms, stomach, ribs, and back. (Doc. 10, pp. 4-5).

Brown alleges that he was denied medical care after the assault by a nurse who refused to provide Brown with her name. (Doc. 1, p. 4; Doc. 11, p. 4).

Brown alleges that RLCC Warden McCain had Brown transferred to a "Disciplinary DOC Camp far away from [Brown's] emergency contact" nine days after the assault in retaliation for Brown stating that he would file a lawsuit. (Doc. 10, pp. 6-7).

II. Law and Analysis

A. Brown's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Brown is a prisoner who has been allowed to proceed in forma pauperis. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Brown is proceeding in forma pauperis, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. Brown fails to state a claim against James LeBlanc.

Brown names Secretary James LeBlanc as a Defendant in his individual and official capacities. (Doc. 10, p. 3). A suit against a state official or employee in his or

her official capacity is actually a suit against the state itself. See Hafer v. Melo, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. See Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La. R.S. § 13:5106(A).

Likewise, Brown does not state a claim against James LeBlanc in his individual capacity, as he presents no allegations involving LeBlanc with regard to the alleged deprivations. A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345 (5th Cir. 1981); Watson v. Interstate Fire & Casualty Co., 611 F.2d 120 (5th Cir. 1980). Brown does not allege that LeBlanc had any personal involvement in the alleged assault, denial of medical care, or transfer.

III. Conclusion

Because Brown fails to state a claim against Secretary James LeBlanc, IT IS RECOMMENDED that all claims against Defendant LeBlanc be DENIED and DISMISSED WITH PREJUDICE. Brown's Complaints (Docs. 1, 10, 11) will be served on the remaining Defendants pursuant to a separate order.

. Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and

Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 22nd day of August 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE