b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JARVIS BROWN, Plaintiff | CIVIL DOCKET NO. 1:19-CV-00847 |
| VERSUS | DISTRICT JUDGE DRELL |
| JAMES M. LEBLANC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Jarvis Brown ("Brown") (ECF No. 52) and a Motion for Summary Judgment filed by Defendants (ECF No. 56). Because the documentary evidence submitted by Defendants refutes Brown's claims, Brown's Motion for Partial Summary Judgment (ECF No. 52) is DENIED and Defendants' Motion for Summary Judgment (ECF No. 56) is GRANTED.

### I. Background

*Pro se* plaintiff Brown filed a complaint pursuant to 42 U.S.C. § 1983, *in forma pauperis,* alleging that, while he was confined in the Raymond Laborde Correctional Center ("RLCC") in Avoyelles Parish in September 2018, Defendants used excessive force against him, denied him medical care, and retaliated against him. ECF Nos. 1, 10.

The remaining defendants are Warden McCain (former warden of the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana), Jamie

Veade (a correctional officer at RLCC), R. Hegger ("Hegger") (a correctional officer at RLCC), and Stephen Bordelon ("Bordelon") (a correctional officer at RLCC).[1]

Stephen Bordelon was never served.[2] ECF No. 34. Accordingly, the complaint against Bordelon should be dismissed pursuant to Fed. R. Civ. P. 4(m). *See McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191 (1994); *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F. 2d 1011, 1013 (5th Cir. 1990); *Kersh v. Derosier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Defendants filed a Suggestion of Death to show that Warden Sandy McCain, former warden of RLCC, passed away. ECF No. 59. Rule 25 of the Federal Rules of Civil Procedure states the following, in pertinent part:

> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

"The general term 'public officer' . . . comprises Federal, State, and local officers." Rule 25, Advisory Committee Notes, Note to Subdivision (d)(1). "In general [Rule 25(d)] will apply whenever effective relief would call for corrective behavior by

---

[1] Brown's claims against James M. LeBlanc, Secretary of the Louisiana Department of Corrections, have been dismissed. ECF No. 31.

[2] The service return shows that Bordelon was not served because he has retired and his current location is unknown. ECF No. 34 at 1.

2

the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office." Note to Subdivision (d)(1); *see also Kentucky v. Graham*, 473 U.S. 159, 166 n. 11 (1985); *Aschan v. Auger*, 861 F.2d 520, 521 n. 2 (8th Cir. 1988) (automatically substituting new warden in his official capacity for deceased warden defendant in a habeas corpus action); *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1341-42 (5th Cir. 1981); *Muslow v. Board of Supervisors of Louisiana States University*, 2020 WL 4471647, * 11 (E.D. La. 2020). Therefore, the new RLCC warden, Marcus Myers, is automatically substituted for Warden Sandy McCain pursuant to Rule 25(d) in his official capacity only.

Brown filed a Motion for Partial Summary Judgment (ECF No. 52, 63). Brown submitted an affidavit stating that he was beaten on September 1, 2018 and denied medical care.

Defendants filed a Motion for Summary Judgment with documentary evidence (ECF No. 56).

## II. Law and Analysis

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>> (1) give an opportunity to properly support or address the fact;
>> (2) consider the fact undisputed for purposes of the motion;
>> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>> (4) issue any other appropriate order.[3]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

### A. <u>Brown has not shown Defendants used excessive force against him.</u>

Brown contends that, on September 1, 2018, he was beaten excessively and maliciously, while fully restrained, by Hegger, Veade, and Bordelon. ECF No, 1; No. 52 at 2.

---

[3] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious and the prison official's act or omission must result in the denial of the minimum civilized measure of life's necessities. Second, a prison official must have a sufficiently culpable state of mind–deliberate indifference to a prisoner's constitutional rights–to be subjected to liability. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The Supreme Court defined "deliberate indifference" as "subjective recklessness," or, in other words, a conscious disregard of a substantial risk of serious harm. *See Farmer*, 511 U.S. at 839.

In *Hudson v. McMillian*, 503 U.S.1 (1992), the Supreme Court discussed the *Whitley v. Albers*, 475 U.S. 312 (1986) approach to evaluation of excessive force claims, and found the extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. *See Hudson*, 503 U.S. at 6-7. The *Hudson* Court further held that, whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 6-7; *see also Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

In *Kingsley v. Hendrickson,* 576 U.S. 389, 402 (2015), the United States Supreme Court stated that a court should look to such factors as: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; and (4) whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Other pertinent factors are the extent of the injury suffered; the need for the application of force; the relationship between the need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of the forceful response. *See Bender v. Brumley*, 1 F.3d 271, 278 (5th Cir. 1993) (quoting *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992)).

In the excessive force context, when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated. *See Hudson,* 503 U.S. at 9. However, the Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *See Hudson,* 503 U.S. at 9. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).; *see also Abbott v. Babin,* 744 Fed. Appx. 854, 857 (5th Cir. 2018) (the Court in *Wilkins* did not

eliminate the required element of at least some harm or injury to maintain an Eighth Amendment claim).

Defendants show, in their Statement of Undisputed Facts and Brown's medical records, that, on August 31, 2018, Brown was suicidal and attempted to cut his wrists with a staple; the medical staff found only small superficial lacerations. ECF No. 56-1 at 1, 9, 10. Defendants further show that, on September 1, 2018, Brown tried to hang himself by loosely tying a jumpsuit around his neck. The medical staff found no visible marks or bruises to his neck, head, or back. ECF No. 56-1 at 1; No. 56-3 at 2. Brown also complained of right eye pain and swelling, but the medical staff found not redness, swelling or other injury. ECF No. 56-3 at 6. When asked why he had attempted suicide, Brown responded, "one way or another, y'all gonna transfer me out of this place." ECF No. 56-3 at 6, 8. Brown was place on suicide watch. ECF No. 56-3 at 8.

On September 2, 2018, Brown was evaluated at the RLCC infirmary for complaints of lip and jaw pain on the left side of his face (where he said he had been hit) and pain in the middle of his back. ECF No. 56-1 at 1-2; No. 56-3 at 4. The medical staff did not find any bruises, swelling, or marks on Brown. ECF No. 56-1 at 2; No. 56-3 at 2.

On September 5, the medical staff evaluated Brown again, and did not find any shortness of breath or diaphoresis, visible trauma, bleeding, redness, swelling, or lacerations. ECF No. 56-3 at 4. Brown's prison records shows that, on September 10,

2018, Brown was transferred to the David Wade Correctional Center ("DWCC"). ECF No. 56-1 at 2.

Brown contends that, although his injuries were *de minimis*, Defendants used excessive force. However, Brown's medical records show that he did not have any injury or other indicia of having been beaten. The only signs of injury on his body were self-inflicted scratches (made with a staple). Because Brown has not shown he suffered any discernible injury at the hands of Defendants, the Motion for Summary Judgment (ECF No. 56) should be granted on the excessive force issue and Brown's Motion for Partial Summary Judgment (ECF No. 52) should be denied.

### B. Brown has not shown he was denied medical care.

Brown contends that the RLCC logbook for the Crawdad Unit shows a "nurse" failed to allow him to make a medical emergency on September 1, 2018. ECF No. 63.

Brown's medical records show he was seen by the RLCC medical staff on August 31, September 1, September 2, September 3, and September 5 of 2018, and was placed on suicide watch on September 1, 2018. Because Brown's medical records do not support his allegation that he was denied medical care, Defendants' Motion for Summary Judgment (ECF No. 56) should be granted on the issue of denial of medical care, and Brown's Motion for Partial Summary Judgment (ECF No. 52) should be denied.

### C. Brown has not shown that Defendants retaliated against him for his threat to file a suit against them.

Brown alleges Defendants transferred him to a DOC "Disciplinary Camp" in retaliation for his filing ARPs against them and to "cover up" their use of excessive force.

Defendants state in their Statement of Undisputed Facts and show in Brown's DOC Master Record that Brown was transferred to the David Wade Correctional Center on September 10, 2018. The DWCC is not a "disciplinary camp." DWCC has a greater range of medical services (including mental health) for inmates.[4]

Because the evidence does not support Brown's assertions that he was transferred to a "disciplinary camp" or that Defendants retaliated against Brown, Defendants' Motion for Summary Judgment (ECF No. 56) should be granted on the issue of retaliation, and Brown's Motion for Partial Summary Judgment (ECF No. 52) should be denied.

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Brown's Motion for Summary Judgment (ECF No. 52) be DENIED, that Defendants' Motion for Summary Judgment (ECF No. 56) be GRANTED, and that Brown's action be DENIED AND DISMISSED WITH PREJUDICE as to all Defendants.

---

[4] *See* https://doc.louisiana.gov/location/david-wade-correctional-center/.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, August 5, 2021.

Joseph H.L. Perez-Montes
United States Magistrate Judge